JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

C. DAVID HALL (CABN 66081)
BRIGID S. MARTIN (CABN 231705)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   FAX: (415) 436-7234
   brigid.martin@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> D. SCOTT HEINEMAN and <br> KURT F. JOHNSON, <br>     Defendants. | No. CR 05-0611 WHA <br><br> **UNITED STATES' SENTENCING MEMORANDUM REGARDING FINAL DETERMINATION OF RESTITUTION** <br><br> Hearing Date: June 10, 2008, 2:00 p.m. |

      On March 18, 2008, the parties in this matter appeared before the Court for sentencing. The Court sentenced Heineman, Johnson, and codefendants and set a hearing for final determination of restitution. The hearing is scheduled for June 10, 2008. The United States hereby submits this memorandum setting forth its position as to the amount of restitution that it will ask the Court to impose upon defendants Heineman and Johnson.

      For offenses committed by fraud or deceit, the Mandatory Victims Restitution Act ("MVRA"), requires defendants to make restitution to each victim in the full amount of the

**UNITED STATES' MEMORANDUM**
**CR 05-0611 WHA**

1  victim's losses, *without* consideration of the defendants' financial condition. 18 U.S.C.

2  §§ 3663A(a)(1) and 3664(f)(1)(A); United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005)

3  (mail fraud subject to the MVRA). This mandatory restitution provision defines a victim as

> "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

The crimes of mail fraud and conspiracy to commit mail fraud of which defendants Heineman and Johnson were convicted require proof of a "scheme or artifice to defraud." 18 U.S.C. § 1341. These offenses therefore qualify as ones for which restitution may be ordered for all persons directly harmed by the entire scheme. Restitution is thus not confined to harm caused by the particular offenses of which defendants were convicted. See United States v. Booth, 309 F.3d 566, 576 (9th Cir. 2002) (imposing restitution for victims of overall scheme in wire fraud case); see also United States v. Bussell, 414 F.3d 1048, 1060 (9th Cir. 2005) (Booker does not apply to restitution; restitution not limited to the amount of loss proven to jury beyond a reasonable doubt).

The full amount of a victim's losses includes any losses directly resulting from from the conduct underlying the offense of conviction. United States v. Gamma Tech Indus., Inc., 265 F.3d 917, 927-28 (9th Cir. 2001). This means that the conduct underlying the conviction caused the loss, but that the loss is not too far removed from that conduct. Id. (contractor entitled to restitution for sums received by contractor's employee after employee was convicted of conspiracy to collect kickbacks). Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence, with the burden of proof resting on the goverment. 18 U.S.C. § 3664(e).

In this case, the government has included in its request for restitution victims' losses: (1) money paid to defendants Heineman and Johnson or to their brokers or agents, (2) costs for mailing paperwork to the Dorean Group and county assessors' offices at the instruction of defendants or their brokers or agents, and (3) attorney fees incurred when clients tried to remove their property from trust, eliminate Heineman and Johnson as trustees, and regain their original

**UNITED STATES' MEMORANDUM**
**CR 05-0611 WHA**

2

real property interest. All three of these types of loss are directly attributable to defendants Heineman and Johnson and are limited to the return of victims' property taken by defendants or others acting on defendants' behalf. The government determined each of the victims' losses, listed below, from letters sent by the victims, records kept by defendants at the Dorean Group office and seized by the government, and records kept by Dorean Group brokers and seized by the government. Except for recently received victim letters, all of these documents have been provided to defendants. Recently received victim letters will be sent via U.S. Mail on the date of this filing along with a copy of this memorandum. The government will also provide binders to the Court and the parties on the hearing date containing evidence supporting the amounts of restitution set forth in this memorandum and sought by the government on behalf of identified victims.

Finally, the government requests that the Court impose joint and several liability between defendants Johnson and Heineman. The Court has discretion to either impose joint and several liability or apportion restitution liability among defendants. <u>Booth</u>, 309 F.3d at 576. Here, Heineman and Johnson were cofounders of the Dorean Group and originators of the scheme. Both are equally cuplable and should share the burden of victims' losses resulting from their scheme. Moreover, any attempt to apportion liability would result in an arbitrary division of victims' losses as all of the losses are attributable to the conduct of both defendants.

For the foregoing reasons, the government requests that the Court impose joint and several liability upon defendants Heineman and Johnson for restitution in the amount of $512,911.63, to be dispersed as follows:

| Name & Address of Payee | Restitution Amount |
|---|---|
| 1. Bank of America, c/o Glenn Wechsler, Esq.<br>1655 N Main St, Suite 230, Walnut Creek, CA 94596 | $125,623.83 |
| 2. Peggy McKay, 1171 Norheim Lane, Corvallis, MT 59828 | $192,427.06 |
| 3. David Massar, 911 Lake Ave #1, Rochester, NY 14613 | $2,909.40 |
| 4. Peggy Ryan, 30283 Dyesville Rd, Columbus, OH 43214 | $1,500 |
| 5. Lewis Stubblefield, 1185 Bryn Mawr Dr, Yuba City, CA 95993 | $1,500 |

**UNITED STATES' MEMORANDUM**
**CR 05-0611 WHA**

3

| # | | |
|---|---|---|
| 6. | Eddie Izatt, 491 E 1450 N, Nephi, UT 84648 | $1,000 |
| 7. | Karen Ray, 5401 125th Ave SE, Bellevue, WA 98006 | $11,676.25 |
| 8. | Elaine Platovsky, 339 Wilkes Place Dr, Fort Mill, SC 29715 | $4,098.75 |
| 9. | Stephanie Mays, 8813 N 144th E Ave, Owasso, OK 74055 | $3,926 |
| 10. | Tamia Nieffenegger, 3972 E 146 N, Rigby, ID 83442 | $1,500 |
| 11. | Larry Alvarez, 2132 Huxley Way, Modesto, CA 95356 | $1,000 |
| 12. | Abelicio Herrera, 4918 4th St NW, Albuquerque, NM 87107 | $139,050.34 |
| 13. | Si Dong Park, 1016 S Victoria Ave, Los Angeles, CA 90019 | $6,500 |
| 14. | Gailes Berry, 4532 Dryden Ave, St Louis, MO 63115 | $2,500 |
| 15. | William Van Beek, 13077 S 3600 W, Riverton, UT 84065 | $1,500 |
| 16. | Alan & Michele Sweet, 826 Metcalf St #201, Sedro Woolley, WA 98284 | $1,500 |
| 17. | Mary Gates, 16156 Forest Hills Blvd, E Cleveland, OH 44112 | $4,200 |
| 18. | Jeffrey Arbeit, 50 Bartley Hill Rd, Londonderry, NH 03053 | $1,500 |
| 19. | Marion Cooper, 15775 Cala Rojo Dr, Colorado Springs, CO 80926 | $3,500 |
| 20. | Estate of William Hales, 1338 Fox Pointe Dr, Kaysville, UT 84037 | $5,500 |

DATED: June 5, 2008                              Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


          /s/
BRIGID S. MARTIN
Special Assistant United States Attorney

**UNITED STATES' MEMORANDUM**
**CR 05-0611 WHA**

**CERTIFICATE OF SERVICE**

I, Brigid S. Martin, certify that on June 5, 2008, I caused to be served the foregoing **United States' Sentencing Memorandum Regarding Final Determination of Restitution** by sending via U.S. Mail a true copy thereof to the persons set forth below:

**KURT F. JOHNSON – REG. NO. 13177-081**
FCI DUBLIN
FEDERAL CORRECTIONAL INSTITUTION
5701 8TH STREET - CAMP PARKS
DUBLIN, CA 94568

**DALE SCOTT HEINEMAN - REG. NO. 12152-081, PFN - UL799**
The Glenn E. Dyer Detention Facility
550 - 6th Street
Oakland, CA 94607

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 5, 2008, at San Francisco, California.

        /s/
        Brigid S. Martin
        Special Assistant United States Attorney

**UNITED STATES' MEMORANDUM**
**CR 05-0611 WHA**