1                                    PAGES 1 – 31

2                    UNITED STATES DISTRICT COURT

3                  NORTHERN DISTRICT OF CALIFORNIA

4              BEFORE THE HONORABLE WILLIAM H. ALSUP

5   UNITED STATES OF AMERICA,           )
                                        )
6                    PLAINTIFF,         )
                                        )
7    VS.                                ) NO. CR 05-0611 WHA
                                        )
8   DALE S. HEINEMAN AND KURT F.        )
    JOHNSON,                            )
9                                       )  SAN FRANCISCO, CALIFORNIA
                     DEFENDANTS.        )  FRIDAY
10                                      )  NOVEMBER 16, 2007
    _____)

11                     **TRANSCRIPT OF PROCEEDINGS**

12  **APPEARANCES:**

13

    **FOR PLAINTIFF**          SCOTT N. SCHOOLS
14                             UNITED STATES ATTORNEY
                               450 GOLDEN GATE AVENUE
15                             SAN FRANCISCO, CALIFORNIA
                         BY:   **C. DAVID HALL, ESQUIRE**
16                             **BRIGID MARTIN, ESQUIRE**

17

18  **FOR DEFENDANTS**         **DALE SCOTT HEINEMAN**
                               PRO SE
19
                               **KURT F. JOHNSON**
20                             PRO SE

21                             **RICHARD A. TAMOR, ESQUIRE**
                               1901 HARRISON STREET, NINTH FLOOR
22                             OAKLAND, CALIFORNIA  94612

23  (FURTHER APPEARANCES ON FOLLOWING PAGE)

24

    *REPORTED BY:  JOAN MARIE COLUMBINI, CSR 5435, RPR*
25            *OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

**APPEARANCES (CONTINUED):**


FOR DEFENDANT            **MICHAEL R. BERGER, ESQUIRE**
JULIAN                   1611 TELEGRAPH AVENUE,SUITE 1100
                         OAKLAND, CALIFORNIA  94612

                         **RANDALL CONNOR, ESQUIRE**
                         1611 TELEGRAPH AVENUE, SUITE 1100
                         OAKLAND, CALIFORNIA  94612


ALSO PRESENT:  BENJAMIN FLORES, U.S. PROBATION
               VALERIE STEWART, BUREAU OF PRISONS

1        **PROCEEDINGS; FRIDAY, NOVEMBER 16, 2007**

2

3        **THE CLERK:**  CALLING CRIMINAL CR 05-611, UNITED

4   STATES VERSUS DALE HEINEMAN AND KURT JOHNSON.

5            COUNSEL, APPEARANCES --

6        **MR. HALL:**  DAVID HALL AND BRIGID MARTIN FOR THE

7   UNITED STATES.

8        **DEFENDANT JOHNSON:**  KURT JOHNSON FOR THE DEFENDANT

9   KURT JOHNSON.

10       **DEFENDANT HEINEMAN:**  DALE HEINEMAN FOR THE DEFENDANT

11  DALE HEINEMAN.

12       **MR. TAMOR:**  RICHARD TAMOR APPEARING AS ADVISORY

13  COUNSEL FOR MR. HEINEMAN AND MR. JOHNSON.

14       **MR. FLORES:**  GOOD MORNING, YOUR HONOR.  BENJAMIN

15  FLORES FROM PROBATION.

16       **THE COURT:**  MS. STEWART, WOULD YOU LIKE TO MAKE AN

17  APPEARANCE?

18       **MS. STEWART:**  GOOD MORNING, YOUR HONOR.  VALERIE

19  STEWART FOR THE FEDERAL BUREAU OF PRISONS, FDC DUBLIN.

20       **THE COURT:**  ALL RIGHT.  WE ARE HERE AS A FOLLOW-UP

21  TO THE END OF THE TRIAL.  BEFORE I GO INTO THAT, LET'S GET A

22  LIST OF THINGS TO COVER TODAY.

23           MR. HALL, WHAT WOULD YOU LIKE TO COVER?

24       **MR. HALL:**  YOUR HONOR, I WAS GOING TO INFORM THE

25  COURT, FIRST OFF, THAT MY REVIEW OF RULE 29 AND RULE 33 SAYS

1  THE DEFENDANTS NEED TO FILE THOSE MOTIONS, IF THEY WANT TO,

2  WITHIN SEVEN DAYS OF VERDICT.

3           **THE COURT:**  ALL RIGHT.  SEVEN DAYS OF VERDICT.  ALL

4  RIGHT.

5           NOW, WHAT ELSE WOULD YOU LIKE TO BRING UP?

6           **MR. HALL:**  THE GOVERNMENT WOULD RENEW ITS REQUEST TO

7  HAVE THE DEFENDANTS PROHIBITED FROM USING COMPUTERS,

8  TYPEWRITERS, WORD PROCESSORS, AND THE LIKE WHILE INCARCERATED

9  PRETRIAL.

10          **THE COURT:**  WHAT ELSE WOULD YOU LIKE TO BRING UP?

11          **MR. HALL:**  I THINK THAT'S IT.

12          **THE COURT:**  ALL RIGHT.  THEN WE HAVE SOME OTHER

13  ITEMS TO BRING UP.

14          HOW ABOUT ON THE DEFENSE SIDE, ANY ITEMS TO BRING UP

15  FOR DISCUSSION TODAY?

16          **DEFENDANT JOHNSON:**  NO.

17          **DEFENDANT HEINEMAN:**  NO, SIR.

18          **THE COURT:**  ALL RIGHT.  MR. FLORES, HOW ABOUT YOU,

19  OUR PROBATION OFFICER?

20          **MR. FLORES:**  YES, YOUR HONOR.  THE PROBATION OFFICE

21  HAS DELIVERED THE REFERRAL PACKET TO THE DEFENDANTS AND

22  INDICATED THAT THOSE FORMS SHOULD BE FILLED OUT AND SUBMITTED

23  TO THE PROBATION OFFICE.  I'VE HANDED THEM MY BUSINESS CARD.

24  THEY CAN DO IT DIRECTLY TO ME.

25          WHAT I DID NOT MENTION IS THAT UNDER THE LOCAL

1  RULES, ANYTHING THEY WISH TO HAVE CONSIDERED FOR SENTENCING

2  NEEDS TO BE SUBMITTED TO OUR OFFICE WITHIN SEVEN DAYS OF THE

3  VERDICT; HOWEVER, WE COULD BE WITHIN SEVEN DAYS OF TODAY.  AND

4  ALSO BOTH HAVE INDICATED THAT THEY CHOOSE NOT TO BE INTERVIEWED

5  BY OUR OFFICE.

6          **THE COURT:**  LET ME MAKE SURE THAT'S ON THE RECORD.

7          THE NORMAL PROCESS AT THIS POINT IS THAT THE

8  DEFENDANTS ARE INTERVIEWED BY PROBATION SO THAT THE INFORMATION

9  IN THE PRESENTENCE REPORT WHICH IS RELIED ON BY THE JUDGE FOR

10  SENTENCING IS ACCURATE AND THAT YOU HAVE YOUR INPUT INTO THAT.

11  NOW, YOU HAVE A RIGHT NOT TO BE INTERVIEWED, AND YOU HAVE A

12  RIGHT TO SAY YOU DON'T WANT TO PARTICIPATE, BUT MOST PEOPLE

13  CHOOSE TO PARTICIPATE BECAUSE THEY WANT THE REPORT TO BE

14  ACCURATE.  AND THIS GOES INTO THINGS LIKE YOUR CHILDHOOD, YOUR

15  WORK HISTORY, YOUR FAMILY, AND ANY CONSIDERATIONS THAT A JUDGE

16  OUGHT TO TAKE INTO ACCOUNT FOR SENTENCING PURPOSES.

17          SO DO BOTH OF YOU UNDERSTAND WHAT I'M SAYING?

18          **DEFENDANT HEINEMAN:**  YEAH.

19          **DEFENDANT JOHNSON:**  YES.

20          **THE COURT:**  NOW, DO YOU WANT TO BE INTERVIEWED BY

21  MR. FLORES?

22          **DEFENDANT JOHNSON:**  I'M CERTAINLY -- I DON'T WANT TO

23  DO IT TODAY.  IF I CHANGE MY MIND, I'LL CONTACT HIM

24  IMMEDIATELY.

25          **THE COURT:**  WHAT IS THE DEADLINE ON THAT?  IS THIS

1    ALSO A SEVEN-DAY THING?

2              **MR. FLORES:**  NO, YOUR HONOR.  THE SEVEN DAY IS FOR

3    DOCUMENTS TO BE SUBMITTED SO THAT OUR OFFICE COULD START TO

4    INVESTIGATE THE BACKGROUND INFORMATION.  THE SEVEN DAYS ALSO

5    APPLIES TO THE GOVERNMENT IN SUBMITTING THE DISCOVERY SO THAT

6    THE PROBATION OFFICE CAN REVIEW THAT PRIOR TO THE INTERVIEW.

7              IF THEY CHOOSE TO BE INTERVIEWED, IT WOULD, AT THIS

8    POINT, HAVE TO TAKE PLACE EITHER THE WEEK OF NOVEMBER 26TH,

9    2007, OR SOMETIME AFTER THE NEW YEAR, AS I WILL NOT BE

10   AVAILABLE FROM DECEMBER 10TH THROUGH JANUARY 2ND.  SO IF THEY

11   COMMUNICATE WITH ME -- EVEN WHEN I'M GONE, THEY CAN SEND ME A

12   LETTER OR VOICEMAIL, WE CAN DO IT THE FIRST WEEK OF JANUARY AT

13   DUBLIN.

14             **THE COURT:**  WHAT IS IT YOU NEED FROM THE GOVERNMENT?

15             **MR. FLORES:**  I NEED ALL THE DISCOVERY TO ESTABLISH

16   THE OFFENSE ITSELF, PARTICULARLY THE INTENDED LOSS AS IT

17   RELATES TO EACH OF THE FOUR DEFENDANTS THAT ARE STILL PENDING.

18   THAT WOULD INCLUDE MR. JULIAN AND MR. LECOMPTE.  THE SOONER WE

19   GET THAT INFORMATION, THE SOONER I WOULD BE PREPARED TO EVEN

20   CONDUCT INTERVIEWS.

21             **THE COURT:**  MR. HALL, WHEN ARE YOU GOING TO BE ABLE

22   TO TURN THAT OVER TO PROBATION?

23             **MR. HALL:**  YOUR HONOR, THERE'S A TREMENDOUS AMOUNT

24   OF DISCOVERY, AND SOME OF THE THINGS THAT MR. FLORES JUST

25   TALKED ABOUT HAVE NOT BEEN SUMMARIZED, SO TO SPEAK.  WE HAVE

1   SUMMARIES I CAN TURN OVER TO HIM.  WE HAVE -- THE BULK OF THE

2   EVIDENCE THAT WAS USED IN THIS TRIAL ALL CAN BE GIVEN TO

3   MR. FLORES MONDAY.

4            SOME OF THE FURTHER COMPILATION OF AMOUNT OF LOSS

5   AND WHO LOST WHAT IS GOING TO HAVE TO BE SOMETHING THAT EITHER

6   HE OR, PROBABLY MORE LIKELY BETWEEN US, WE GO THROUGH EACH OF

7   THE TRANSACTIONS AND TRY TO DETERMINE OUR BEST ESTIMATE ALONG

8   WITH TESTIMONY IN TRIAL.

9            **THE COURT:**  ALL RIGHT.  CAN WE DO THIS IN TWO

10  STAGES?  ON MONDAY YOU GIVE THE VAST MAJORITY OF THE

11  INFORMATION SO THAT HE CAN START READING THAT, AND THEN GIVE ME

12  A DEADLINE BY WHICH YOU WILL COMPLETE THE SECOND PART.

13           **MR. HALL:**  DECEMBER 1ST.

14           **THE COURT:**  FINE WITH ME.  ALL RIGHT.

15           SO THEN, MR. FLORES, YOU'LL HAVE -- FOR AT LEAST

16  NINE DAYS, YOU'LL HAVE EVERYTHING FROM THE GOVERNMENT, RIGHT,

17  ON THAT SCHEDULE?

18           **MR. FLORES:**  YES, YOUR HONOR.

19           THE ONLY OTHER ITEMS THAT WOULD BE FORTHCOMING,

20  HOPEFULLY, WOULD BE VICTIM IMPACT STATEMENTS FROM EACH OF THE

21  INTENDED VICTIMS.  I HAVE RECEIVED A COUPLE RELATIVE TO THE

22  EARLIER CASES.  I DON'T KNOW HOW MANY VICTIMS THERE ARE, HOW

23  MANY POTENTIAL VICTIMS THERE WERE.

24           **THE COURT:**  I'LL LET YOU FIGURE THAT PART OUT WITH

25  THE GOVERNMENT.  BELIEVE ME, PARTS ONE AND TWO IS GOING TO BE A

1   LARGE AMOUNT OF INFORMATION.  THAT WILL KEEP YOU BUSY FOR A

2   LONG TIME.

3            **MR. FLORES:**  OKAY.  VERY WELL.

4            **THE COURT:**  THEN YOU'LL GET THE VICTIM IMPACT

5   STATEMENTS, IF ANY, IN DUE COURSE.  ALL RIGHT.

6            **MR. HALL:**  YOUR HONOR, AS FAR AS THE DATE, WE'D ASK

7   TO GET ALL OF IT TO MR. FLORES -- DECEMBER 3RD IS OUR CUTOFF

8   DATE, BECAUSE MS. MARTIN TELLS ME DECEMBER 1ST IS A SATURDAY.

9            **THE COURT:**  ALL RIGHT.  DECEMBER 3RD.

10           OKAY.  NOW I'M GOING TO COME BACK TO THE INTERVIEW

11   THING.  I WANTED TO GIVE YOU UNTIL DECEMBER 3RD.  IF YOU WANT

12   TO BE INTERVIEWED, THEN YOU SHOULD SEND IN WRITING SOME

13   NOTIFICATION TO MR. FLORES THAT YOU WANT TO BE INTERVIEWED.

14   AND I'M DIRECTING THIS TO BOTH DEFENDANTS.

15           IN ADDITION, HE'S GIVING YOU THAT PACKET, WHICH

16   YOU'RE NOT OBLIGATED TO FILL OUT.  YOU STILL HAVE THE RIGHT TO

17   JUST THROW IT IN THE TRASH CAN IF YOU WANT, BUT MOST PEOPLE

18   FILL IT OUT BECAUSE THEY WANT THE INFORMATION TO BE ACCURATE

19   AND THEY WANT THE PRESENTENCE REPORT TO BE ACCURATE.  SO THAT

20   YOU OUGHT TO FILL IT OUT PRONTO, LIKE BY, LET'S SAY, THE MONDAY

21   AFTER THANKSGIVING, AND RETURN IT TO MR. FLORES IF YOU ARE

22   GOING TO DO IT AT ALL.  IS THAT A REASONABLE DEADLINE?

23           **MR. FLORES:**  YES, YOUR HONOR.

24           AND, FOR THE RECORD, I DID EXPLAIN TO THE DEFENDANTS

25   THAT THE DRAFT REPORT WILL BE HAND DELIVERED BY MYSELF TO THEM

1   IF THEY ARE IN DUBLIN, OR WHEREVER THEY WOULD BE, AND THEN THEY

2   HAVE TEN COURT DAYS IN WHICH TO FILE A WRITTEN RESPONSE TO

3   ANYTHING IN THAT REPORT.  SO IF THERE IS NO INTERVIEW, THERE IS

4   NO PACKET, THEY DO HAVE AN OPPORTUNITY TO REVIEW THAT REPORT

5   LONG BEFORE THE COURT RECEIVES IT.  AT THAT TIME THEY CAN

6   SUBMIT ADDITIONAL INFORMATION IF THEY'VE DONE SO ALREADY, OR

7   NEW INFORMATION THEY WOULD WISH FOR THE PROBATION OFFICE TO

8   INCORPORATE INTO THE REPORT.  THE FINAL REPORT THEN GOES OUT

9   TWO WEEKS BEFORE SENTENCING, AND, AGAIN, I WOULD HAND DELIVER

10  THOSE TO THE DEFENDANTS.

11          **THE COURT:**  WE SET A DATE FOR SENTENCING EARLIER,

12  BUT IN TALKING TO MR. FLORES, ON ACCOUNT OF HIS BEING AWAY FOR

13  THREE WEEKS AND THE VOLUME OF MATERIAL, I'VE AGREED TO -- WHAT

14  WAS THE NEW DATE?  MARCH 18TH?

15          **MR. FLORES:**  MARCH 18TH.

16          **THE COURT:**  ALL RIGHT.  MARCH 18TH.  ANYONE OBJECT

17  TO MARCH 18 AS THE SENTENCING DATE?  THAT WOULD ALSO BE FOR

18  JULIAN AND LECOMPTE.

19          **DEFENDANT JOHNSON:**  I'D RATHER DO IT FASTER.

20          **THE COURT:**  I WOULD, TOO, MR. JOHNSON, BUT WE WANT

21  TO DO A PROFESSIONAL JOB.  MR. FLORES HAS GOT TO DO A

22  PROFESSIONAL JOB, AND HE JUST CANNOT DO IT IN THAT LENGTH OF

23  TIME.  THE SPEEDY TRIAL ACT DOESN'T APPLY ANY MORE BECAUSE THE

24  TRIAL IS OVER.

25          I AM SYMPATHETIC TO WANTING TO GET IT DONE. I'M SURE

1  YOU WANT TO PURSUE WHATEVER RELIEF YOU CAN GET OUT OF THE NINTH

2  CIRCUIT AND GET OUT OF MY COURT AND GO UP THERE.

3           **DEFENDANT JOHNSON:**  WHAT GIVES YOU THAT IMPRESSION?

4          **THE COURT:**  BUT, BELIEVE ME, WE WANT TO DO A CORRECT

5  AND PROFESSIONAL JOB ON EVERYTHING, SO MR. FLORES NEEDS THE

6  TIME, AND THAT'S THE SOONEST HE CAN DO IT.

7          **MR. FLORES:**  WHAT TIME FOR THAT HEARING, YOUR HONOR?

8          **THE COURT:**  I THINK WE SHOULD SPECIALLY SET THIS FOR

9  THE MORNING AT 8:00 A.M., DAWN.  SO WE'LL HAVE ALL FOUR

10  DEFENDANTS SENTENCED AT THAT TIME.

11         **MR. HALL:**  YOUR HONOR, THE GOVERNMENT WILL -- I'M

12  SURE THE DEFENSE LAWYERS FOR MR. JULIAN AND MR. LECOMPTE WILL

13  HAVE NO PROBLEM.  THEIR DATES ARE CURRENTLY AT OTHER TIMES, AND

14  I'LL PREPARE STIPS FOR THAT DAY.

15         **THE COURT:**  WE'VE GOT TO MOVE THEM.  I WANT EVERYONE

16  TO BE SENTENCED IN LIGHT OF EACH OTHER, AND THEN -- SINCE IT'S

17  A SIMILAR PATTERN OF CONDUCT.

18         OKAY.  ANYTHING MORE ON THE SUBJECT OF SENTENCING?

19         **MR. FLORES:**  NOT FROM THE PROBATION OFFICE, YOUR

20  HONOR.

21         **MR. HALL:**  NO, YOUR HONOR.  THE ONLY -- I'M SURE THE

22  COURT IS MINDFUL OF THIS, BUT THE COURT WANTED TO GO BACK IN

23  WITH THE DEFENDANTS THEIR DESIRE TO HAVE LAWYERS FOR

24  SENTENCING.

25         **THE COURT:**  ALL RIGHT.  OKAY.  I NEED TO --

1  MR. TAMOR, HAVE YOU HAD ANY DISCUSSIONS WITH THE DEFENDANTS

2  ABOUT THE SENTENCING PROCESS?

3          **MR. TAMOR:**  BRIEFLY, YOUR HONOR, JUST THIS MORNING I

4  HAD A CHANCE TO SPEAK WITH THEM.

5          **THE COURT:**  WELL, I WANT TO GIVE YOU TWO AS MUCH

6  OPPORTUNITY TO TALK WITH MR. TAMOR ABOUT THE SENTENCING PROCESS

7  AS POSSIBLE, BUT I WENT OVER THIS LAST TIME, I WANT TO GO OVER

8  IT AGAIN, BECAUSE THE SENTENCING IS A VERY IMPORTANT STEP.  LET

9  ME JUST TELL YOU WHAT THE BASIC STEPS ARE SO YOU COULD SEE HOW

10 IMPORTANT IT IS TO HAVE A LAWYER.

11         THE FIRST STEP IS THE PRESENTENCE REPORT, WHICH WE

12 HAVE BEEN TALKING ABOUT WITH MR. FLORES, AND WHAT IS -- HOW

13 THICK IS THAT?  HOW BIG A DOCUMENT IS THAT?  THAT'S TYPICALLY

14 20 TO 30 PAGES, SINGLE SPACED, ON EACH OF YOU, AND IT WON'T BE

15 IDENTICAL.  IT WILL BE -- SOME PARTS WILL BE IDENTICAL, BUT

16 THERE WILL BE -- EACH OF THESE REPORTS WILL BE TAILOR MADE TO

17 YOUR PERSONAL HISTORY, TO YOUR PERSONAL ROLE IN THE OFFENSES

18 FOR WHICH THE JURY FOUND YOU GUILTY, FOR WHAT'S ALSO CALLED

19 OTHER RELATED CONDUCT.  FOR EXAMPLE, THE GOVERNMENT DID NOT

20 CHARGE FOUR HUNDRED COUNTS, BUT WE HEARD FROM MR. LECOMPTE THAT

21 HE DID FOUR HUNDRED OF THESE DEALS, SO HE TESTIFIED TO

22 THOUSANDS OF THESE DEALS.

23         SO ALL OF THAT CAN BE NOW CONSIDERED.  IT'S NOT JUST

24 THE ONES FOR WHICH YOU WERE CONVICTED, IT'S ANYTHING THAT'S

25 CALLED -- "RELEVANT CONDUCT" IS THE PHRASE, RELEVANT CONDUCT.

1   SO IT'S A VERY FAR-REACHING, COMPREHENSIVE REPORT ABOUT

2   EVERYTHING INVOLVED IN THIS CASE, AND YOUR LIFE HISTORY, YOUR

3   CRIMINAL HISTORY, YOUR FAMILY RESPONSIBILITIES.

4           SO PROBABLY IN THIS CASE IT WOULD BE ROUGHLY 25 TO

5   30 PAGES SINGLE SPACED.  IT COULD BE LONGER.  THAT'S STEP ONE,

6   AND THAT'S -- MR. FLORES PREPARES THAT.  HE DOES A LOT OF WORK.

7           THEN YOU GET A CHANCE TO COMMENT ON IT, OR, IF YOU

8   HAVE A LAWYER, YOU AND YOUR LAWYER GET A CHANCE TO COMMENT ON

9   IT AND GET HIM TO MAKE CHANGES TO CORRECT MISTAKES, AND OFTEN

10  THAT OCCURS.  OFTEN THERE ARE MISTAKES, SOME SMALL, SOME BIG.

11  SOMETIMES THERE ARE WAYS TO CALCULATE WHAT'S CALLED THE

12  SENTENCING GUIDELINES, AND THAT -- ALL OF THAT TAKES PLACE

13  BEFORE IT EVER COMES TO ME.

14          THEN IT DOES COME TO ME, AND I READ IT, AND WE HAVE

15  A WHOLE HEARING ON THE ACCURACY OF THE PRESENTENCE REPORT.  AND

16  IF YOU HAVE NOT TIMELY PRESERVED OBJECTIONS TO THE PRESENTENCE

17  REPORT OR SOME SPECIFIC THING, THEN IT'S DEEMED WAIVED; YOU

18  CAN'T GO BACK TO IT.

19          THESE GUIDELINES LOOK LIKE THIS (INDICATING).  THIS

20  IS THE ONE THEY JUST SENT ME THE OTHER DAY FROM THE SENTENCING

21  COMMISSION.  LOOK AT THIS.  IT'S BIGGER THAN A PHONE BOOK, AND

22  IT'S FULL OF -- IT'S LIKE THE INTERNAL REVENUE CODE.  THAT

23  WOULD BE A GOOD EXAMPLE.  IT IS FULL OF TECHNICAL REQUIREMENTS,

24  AND I HAVE DIFFICULTY WORKING MY WAY THROUGH THE GUIDELINES,

25  AND I KNOW THAT THERE ARE EXPERT LAWYERS OUT THERE WHO

1   SPECIALIZE IN BEING EXPERT ON THESE GUIDELINES.

2           NOW, WE ALSO HAVE MR. FLORES.  HE'S AN EXPERT ON

3   THEM.  I DOUBT HE WOULD MAKE A MISTAKE, BUT HE MIGHT.

4   SOMETIMES THEY MAKE MISTAKES.  IT COULD MAKE A DIFFERENCE AS

5   SMALL AS ONE OR TWO MONTHS TO TEN YEARS IN WHAT SENTENCE

6   SOMEBODY GETS IF A MISTAKE IS MADE.

7           NOW, IF YOU TWO ARE TRYING TO WORK YOUR WAY THROUGH

8   THESE GUIDELINES ON YOUR OWN, IT'S GOING TO BE TOUGH ON YOU.

9   IT WOULD BE TOUGH ON A LAWYER, BUT AT LEAST A LAWYER HAS

10  EXPERIENCE IN IT, AND IT WOULDN'T BE AS DIFFICULT FOR A LAWYER

11  TO WORK THEIR WAY THROUGH THOSE SENTENCING GUIDELINES.

12          THE GOVERNMENT IS VERY FAMILIAR WITH THE GUIDELINES.

13  THEY WILL HAVE STRONG ADVANTAGE OVER YOU IF THERE'S -- FOR

14  EXAMPLE, IF THERE WAS A GUIDELINE QUESTION THAT COULD GO EITHER

15  WAY AND THE GOVERNMENT -- THEY MIGHT FEEL THEY DIDN'T HAVE ANY

16  OBLIGATION TO POINT OUT THAT THERE'S AN ARGUMENT -- THEY ARE

17  NOT GOING TO MAKE THE ARGUMENTS IN YOUR FAVOR.  THEY ARE NOT

18  GOING TO MISREPRESENT ANYTHING TO THE COURT.  BUT SOMETIMES

19  THEY CAN MAKE -- THEY HAVE A VALID, GOOD FAITH ARGUMENT TO

20  MAKE.  THEY MAKE THE ARGUMENT, BUT THEY'RE NOT GOING TO TURN

21  AROUND AND MAKE THE ARGUMENT FOR YOU.

22          I MAY NOT KNOW WHAT ARGUMENT COULD BE MADE FOR YOU.

23  A LAWYER, THOUGH, WOULD, IF THERE IS ONE.  A LAWYER WOULD BE

24  ABLE TO FIGURE OUT WHETHER THERE'S A GOOD FAITH RESPONSE TO

25  SOME ISSUE THAT COMES UP UNDER THE GUIDELINES.

1            SO THE GUIDELINE CALCULATION, WHICH LEADS UP TO A

2    RECOMMENDED NUMBER OF MONTHS -- FOR EXAMPLE, IN THE BACK HERE,

3    IT'S REALLY YEARS AND MONTHS.  YOU CAN GET ALL THE WAY UP TO

4    360 MONTHS.  WHAT IS THAT?  IS THAT 30 YEARS?  THIRTY YEARS TO

5    LIFE.  IT GOES ALL THE WAY FROM, AT THE LOW END, PROBATION ALL

6    THE WAY UP TO LIFE IN PRISON, AND YOU CAN SEE THIS CHART AT THE

7    END SHOWS YOU HOW MANY DIFFERENT PERMUTATIONS.

8            THERE ARE -- IT GOES 43 CATEGORIES FROM TOP TO

9    BOTTOM AND SIX ACROSS, THAT'S LIKE 250 DIFFERENT POSSIBILITIES

10   IN THERE.  SO YOU WOULD BE WELL ADVISED TO GET A LAWYER AND LET

11   ME APPOINT A LAWYER FOR FREE FOR EACH OF YOU TO DEAL WITH THE

12   GUIDELINES.

13           ALL RIGHT.  SO THAT'S ONE BIG ELEMENT ON THE

14   GUIDELINES, AND I AM REQUIRED TO CONSIDER AND START WITH WHAT

15   THE GUIDELINE CALCULATION IS.  BUT THAT'S NOT THE END OF IT.

16           IN ADDITION, CONGRESS HAS PASSED 3553, 18 USC 3553,

17   AND IT SAYS IN ADDITION THE COURT HAS TO ADDRESS A NUMBER OF

18   FACTORS.  THESE MAY REQUIRE THAT YOU GO ABOVE THE GUIDELINES OR

19   BELOW THE GUIDELINES.  AND YOU NEED TO SET A SENTENCE THAT WILL

20   REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR

21   THE LAW, TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE, TO AFFORD

22   ADEQUATE DETERRENCE TO CRIMINAL CONDUCT, TO PROTECT THE PUBLIC

23   FROM FURTHER CRIMES OF THE DEFENDANT, AND IT GOES ON.  THERE'S

24   QUITE A NUMBER OF FACTORS HERE.

25           SO EVEN THOUGH, LET'S SAY, THAT THE -- JUST TO TAKE

1   A HYPOTHETICAL, LET'S SAY THE GUIDELINE RANGE CAME OUT WITH "X"

2   YEARS IN PRISON, THEN YOU WOULD THEN HAVE TO CONSIDER, THE

3   COURT WOULD CONSIDER, ALL OF US WOULD CONSIDER TOGETHER, ALL

4   RIGHT, DO THESE GUIDELINES INDICATE WE GO ABOVE THAT OR BELOW

5   THAT, AND I MEAN THE FACTORS, STATUTORY FACTORS.

6           SO, A LAWYER WOULD BE SKILLED IN MAKING THOSE

7   ARGUMENTS FOR YOU.

8           IN ADDITION, A LAWYER WOULD -- IF YOU HAD A LAWYER,

9   IT WOULD BE MUCH EASIER MECHANICALLY, IN ADDITION TO THE SKILL,

10  TO DEAL WITH THE PROBATION OFFICER ON ALL OF THE PAPERWORK THAT

11  LEADS -- I CALL IT PAPERWORK, BUT IT'S IMPORTANT PAPERWORK THAT

12  LEADS UP TO THE PRESENTENCE REPORT.

13          SO THAT'S -- THEN AT THE -- OF COURSE, AT THE TIME

14  OF THE ARGUMENT, THE LAWYER WOULD ARGUE FOR EACH OF YOU.  EACH

15  OF YOU WOULD HAVE YOUR OWN LAWYER.  THE LAWYER WOULD MAKE A

16  CASE FOR MR. JOHNSON AND MAKE -- THE OTHER LAWYER WOULD MAKE

17  THE CASE FOR MR. HEINEMAN, AND EACH OF YOU WOULD STILL HAVE

18  YOUR OWN OPPORTUNITY TO SAY WHATEVER YOU WANTED TO SAY.  BUT

19  ONCE IT'S DONE, IT'S DONE.  THEN IT GOES TO THE NINTH CIRCUIT.

20          ONCE IT GETS INTO THE -- ONCE YOU GET INTO THE

21  BUREAU OF PRISONS, THE COURT NO LONGER HAS JURISDICTION TO FIX

22  ANYTHING.  YOU COULDN'T THEN SAY, OH, I DECIDED I WANTED A

23  LAWYER AFTER ALL.  IT WOULD BE WAY TOO LATE AT THAT POINT.  SO

24  NOW IS THE TIME THAT YOU OUGHT TO BE GETTING THE LAWYER.

25          NOW, I WANT TO ALSO MENTION THAT THERE ARE THE --

 1  WHAT IF YOU WERE -- WHAT YOU OUGHT TO BE CONSIDERING NOW.  I

 2  SAY THIS MERELY BECAUSE THE RULES ALLOW IT.  AND, IN ADDITION,

 3  MOST LAWYERS WHEN THEY LOSE A CASE FILE A MOTION FOR A NEW

 4  TRIAL UNDER RULE 33, AND THEY COME UP WITH AS MANY LEGITIMATE

 5  ARGUMENTS THAT THEY CAN WHY THEY THINK THE VERDICT WAS UNFAIR

 6  OR SOMETHING UNFAIR HAPPENED DURING THE TRIAL.  SO THAT'S

 7  CALLED A MOTION FOR A NEW TRIAL.  AND THEN RELATED TO THAT IS A

 8  MOTION FOR JUDGMENT OF ACQUITTAL ON THE THEORY THAT THE

 9  GOVERNMENT'S EVIDENCE OR THE OVERALL TRIAL EVIDENCE DID NOT

10  WARRANT A GUILTY VERDICT.

11          SO NOW, THAT ALL HAPPENS BEFORE YOU EVEN GET TO THE

12  FINAL SENTENCING STAGE.  THAT HAPPENS MUCH SOONER.  SO HERE ARE

13  THE THINGS THAT COULD BE ON YOUR PLATE FOR THE NEXT FEW WEEKS:

14  MOTION FOR NEW TRIAL, MOTION FOR ACQUITTAL, AND SENTENCING.

15  AND YOU -- EVEN THOUGH YOU HAVE WAIVED YOUR LAWYER FOR TRIAL

16  PURPOSES, I WANT TO GIVE YOU A NEW OPPORTUNITY GOING FORWARD TO

17  HAVE A LAWYER FOR ANY AND ALL OF THOSE THINGS, BUT -- AND THE

18  LAWYER WOULD THEN REPRESENT YOU IN COURT.  YOU WOULD BE HERE AT

19  EVERY HEARING, BUT THE LAWYER WOULD BE THE ONE MAKING THE

20  ARGUMENTS, AND IT WOULD BE AT NO COST TO YOU.  NO COST TO YOU.

21  EACH OF YOU WOULD HAVE YOUR OWN FREE LAWYER.

22          SO DO EACH OF YOU UNDERSTAND WHAT I'VE DESCRIBED?

23          **DEFENDANT HEINEMAN:**  YES, SIR.

24          **DEFENDANT JOHNSON:**  YES, SIR.

25          **MR. FLORES:**  EXCUSE ME, YOUR HONOR.  DOES THE COURT

1   WISH TO EXPLAIN THE DIFFERENCE IN THE STANDARD OF PROOF BETWEEN

2   THE PROSECUTION AND SENTENCING PHASES, WHICH IS VERY IMPORTANT?

3           **THE COURT:**   THAT'S A VERY GOOD POINT.

4           AT THE SENTENCING STAGE, THE STANDARD OF PROOF IS,

5   FOR THE MOST PART, PREPONDERANCE OF THE EVIDENCE, MEANING 51

6   PERCENT.  IT'S NO LONGER BEYOND A REASONABLE DOUBT.  SO IF

7   THE -- LET'S SAY THAT THE 1,200 OTHER OR 3,500 OTHER INSTANCES

8   OF THESE TRANSACTIONS, THAT YOU WERE TO COME BACK AND SAY THAT

9   WAS NEVER PROVEN BEYOND A REASONABLE DOUBT, THE ANSWER WOULD BE

10  IT DOESN'T HAVE TO BE AT THIS STAGE; IT'S JUST PREPONDERANCE OF

11  THE EVIDENCE.

12          SO THERE'S NO JURY ANYMORE.  IT'S JUST YOU TWO, THE

13  GOVERNMENT, MR. FLORES, AND ME, AND IF YOU GET A LAWYER, AND WE

14  ALL PUT OUR HEADS TOGETHER AND TRY TO DO THE RIGHT THING UNDER

15  THE LAW, I HAVE TO SENTENCE IN ACCORDANCE WITH WHAT IS THE

16  RIGHT THING UNDER THE LAW, BUT I AM TELLING YOU I FIND IT VERY

17  USEFUL TO GET THE INPUT OF THE LAWYERS, AND I WOULD FIND IT --

18  I WOULD SERIOUSLY CONSIDER ANYTHING, OF COURSE, THAT YOU PUT IN

19  ALL OF YOUR ARGUMENTS.  I'M GOING TO GIVE GOOD FAITH

20  CONSIDERATION TO YOU, BUT I PROMISE YOU THAT YOU WOULD BENEFIT

21  FROM HAVING A LAWYER, IN MY JUDGMENT, TO MAKE ARGUMENTS FOR YOU

22  AND TO ASSIST YOU IN THIS PHASE OF THE CASE, AND I WANT TO URGE

23  UPON YOU THE DESIRABILITY OF OBTAINING A LAWYER.

24          I WANT TO SAY, ALSO, THAT THE -- WELL, LET ME

25  JUST -- LET ME JUST LEAVE IT AT THAT.

1          DO YOU UNDERSTAND WHAT I'M SAYING, MR. JOHNSON?

2          **DEFENDANT JOHNSON:**  YES.

3          **THE COURT:**  HOW ABOUT YOU, MR. HEINEMAN?

4          **DEFENDANT HEINEMAN:**  YES, SIR.

5          **THE COURT:**  LET ME ASK YOU, DO YOU WANT ME TO

6   APPOINT A LAWYER AT NO COST TO YOU, MR. JOHNSON, GOING FORWARD?

7          **DEFENDANT JOHNSON:**  NO, THANK YOU.

8          **THE COURT:**  HOW ABOUT YOU, MR. HEINEMAN?

9          **DEFENDANT HEINEMAN:**  NO, SIR.

10         **THE COURT:**  DO YOU UNDERSTAND YOUR RIGHTS AT THIS

11  STAGE FOR ME TO APPOINT A LAWYER FOR YOU?

12         **DEFENDANT JOHNSON:**  I DO.

13         **DEFENDANT HEINEMAN:**  I UNDERSTAND.

14         **THE COURT:**  AND YOU WANT TO GIVE THAT RIGHT UP

15  FREELY AND VOLUNTARILY?

16         **DEFENDANT HEINEMAN:**  YES, SIR.

17         **DEFENDANT JOHNSON:**  THAT'S CORRECT.

18         **THE COURT:**  IS ANYONE PUTTING ANY PRESSURE ON YOU TO

19  GIVE UP A LAWYER?

20         **DEFENDANT JOHNSON:**  NO.

21         **DEFENDANT HEINEMAN:**  NO.  LAWYERS ARE NICE GUYS; WE

22  JUST DON'T --

23         **THE COURT:**  MAY I ASK YOU WHY YOU WANT TO REPRESENT

24  YOURSELF INSTEAD OF A LAWYER?

25         **DEFENDANT JOHNSON:**  SURE, YOU CAN.

1        **THE COURT:**  WHY IS THAT?

2        **DEFENDANT JOHNSON:**  IT'S MY PERSONAL PREFERENCE NOT

3    TO DEAL WITH LAWYERS, WITH ONE EXCEPTION.

4        **THE COURT:**  WELL, FOR THE RECORD, YOU ARE POINTING

5    AT MR. TAMOR.

6        **DEFENDANT HEINEMAN:**  IN A LIMITED CAPACITY THEY'RE

7    USEFUL.

8        **THE COURT:**  WHY DON'T YOU WANT A LAWYER,

9    MR. HEINEMAN, FULL TIME HELPING YOU OUT?

10        **DEFENDANT HEINEMAN:**  SO FAR WE HAVEN'T BEEN BAFFLED

11    BY ANYTHING THAT'S BEEN PUT IN FRONT OF US.

12        **THE COURT:**  HAVE YOU SEEN THESE SENTENCING

13    GUIDELINES?

14        **DEFENDANT HEINEMAN:**  I'VE SEEN OLDER ONES.

15        **THE COURT:**  HOW ABOUT YOU, MR. JOHNSON?

16        **DEFENDANT JOHNSON:**  YES.  ACTUALLY, I'D LIKE A SET

17    ON THE COMPUTER, TOO.

18        **THE COURT:**  LET ME ASK YOU, MR. HALL, IS THERE

19    ANYTHING MORE I SHOULD ASK THE DEFENDANTS, OR DO YOU WANT ME TO

20    ADVISE THEM?

21        **MR. HALL:**  YOUR HONOR, I THINK THIS IS PROBABLY

22    WHISTLING IN THE WIND ON BEHALF OF THE GOVERNMENT, BUT I THINK

23    MR. HEINEMAN IN PARTICULAR CONTINUES TO FOOL HIMSELF ABOUT HIS

24    ABILITIES.  HE JUST SAID NOTHING HAS BAFFLED HIM.  IN THE

25    GOVERNMENT'S OPINION, THE DEFENDANTS COULD NOT HAVE DONE A

1   WORSE JOB IN DEFENDING THEMSELVES.  WE TALKED TO A COUPLE OF

2   MEMBERS OF THE JURY AFTER THE VERDICT, AND I JUST WANT TO

3   INFORM MR. HEINEMAN.

4           **THE COURT:**  YOU SAID "WE," WHO DO YOU MEAN?

5           **MR. HALL:**  MS. MARTIN AND I AND SEVERAL FBI AGENTS

6   WERE THERE, AND AMONG THE THINGS THAT -- THEIR COMMENTS ABOUT

7   THE TRIAL IS THEY HAD THE MOST TROUBLE, THE ONLY POINT OF

8   CONTENTION WAS WHO WOULD BE THE FOREMAN.  THEY HAD NO REAL

9   PROBLEM OF CONVICTING THESE DEFENDANTS ON ANY COUNT.

10          AND IN REGARDS TO MR. HEINEMAN, ONE MEMBER OF THE

11  JURY SAID THAT SHE THOUGHT, ON BEHALF OF ALL MEMBERS OF THE

12  JURY, THEY WERE OFFENDED BY MR. HEINEMAN'S CLOSING ARGUMENT AND

13  HIS USE OF SARCASM.  I JUST BELIEVE THAT THESE DEFENDANTS DO

14  NOT UNDERSTAND THE MORE THEY WORK AT DEFENDING THEMSELVES, THE

15  DEEPER THEY GET, AND IF COMMON SENSE, WHICH THEY TALKED ABOUT

16  IN THEIR CLOSING, WAS EVER TO ENTER THEIR HEAD, THEY WOULD

17  REALIZE THEY NEED A LAWYER, THEN AND NOW.

18          **DEFENDANT JOHNSON:**  I THINK WE ARE ALREADY PAST

19  THAT.

20          **THE COURT:**  LET ME ASK YOU AGAIN IN LIGHT OF WHAT

21  THE GOVERNMENT HAS SAID.  WILL YOU ALLOW ME TO APPOINT A FREE

22  LAWYER FOR EACH OF YOU?  AND I WILL TRY TO GET SOMEBODY WHO IS

23  ESPECIALLY SKILLED IN SENTENCING MATTERS AND POST TRIAL

24  MOTIONS, MR. JOHNSON?

25          **DEFENDANT JOHNSON:**  NO, THANK YOU.

1          **THE COURT:**  MR. HEINEMAN?

2          **DEFENDANT HEINEMAN:**  NO, THANK YOU, SIR.

3          **THE COURT:**  MR. TAMOR, I AM GOING TO ASK YOU TO

4    CONTINUE TO BE AVAILABLE TO ANSWER PROCEDURAL QUESTIONS,

5    INCLUDING MATTERS OF SENTENCING, IF THE DEFENDANTS ASK, BUT YOU

6    ARE NOT TO BE ACTING AS COUNSEL FOR EITHER OF THEM.  YOU ARE

7    MERELY LIKE A LIBRARY RESOURCE IF THEY HAVE A QUESTION.  IT'S

8    THE SAME KIND OF GROUND RULES AS BEFORE.

9          WILL YOU CONTINUE IN THAT ROLE?

10          **MR. TAMOR:**  YES, YOUR HONOR, I WILL.

11          **THE COURT:**  THANK YOU.

12          AND, MR. MOORE, I'M GOING TO ASK YOU, BECAUSE THIS

13    IS AN EQUALLY IMPORTANT PHASE OF THE CASE, TO CONTINUE IN YOUR

14    ROLE AS THE LEGAL ASSISTANT.

15          **MR. MOORE:**  YES, YOUR HONOR.

16          **THE COURT:**  ALL RIGHT.  THANK YOU.

17          I WANT TO SAY IN RESPONSE TO THE GOVERNMENT'S

18    COMMENT, BECAUSE I DON'T KNOW HOW THE NINTH CIRCUIT MIGHT TAKE

19    WHAT MR. HALL JUST SAID, BUT THERE IS NO DOUBT IN MY MIND THAT

20    MR. JOHNSON AND MR. HEINEMAN KNOW EXACTLY WHAT THEY HAVE BEEN

21    DOING, AND I, THE COURT, IS CONVINCED THAT THEIR STRATEGY HAS

22    BEEN TO THROW AS MANY MONKEY WRENCHES AS POSSIBLE INTO THE

23    APPEARANCE OF THE TRIAL SO THAT TO THE COURT OF APPEALS IT MAY

24    APPEAR FROM A DISTANCE AS IF THESE TWO WERE DRESSED IN JAIL

25    GARB, THAT THEY DIDN'T HAVE A LAWYER.  MR. JOHNSON STANDS UP IN

1    HIS OPENING STATEMENT AND SAYS, "PLEASE FIND US GUILTY."

2    PUTTING INTO EVIDENCE DOCUMENTS THAT HURT THEM RATHER THAN HELP

3    THEM AND THE MANNER IN WHICH THEY CONDUCTED THEIR CLOSING

4    ARGUMENTS, THEIR GENERAL CONTEMPT FOR THE ENTIRE PROCESS,

5    THERE'S NO DOUBT IN MY MIND THAT THEY HAVE DONE THAT

6    INTENTIONALLY, DELIBERATELY AND WITH THEIR EYES OPEN.

7         IT'S BEEN A DELIBERATE STRATEGY, AND I WOULDN'T WANT

8    THE COURT OF APPEALS TO THINK THAT FROM MR. HALL'S COMMENTS

9    THAT THE DEFENDANTS HAVE NOT UNDERSTOOD THE LIKELY CONSEQUENCES

10   OF THE STRATEGIES THAT THEY HAVE ADOPTED.

11        **MR. HALL:**  YOUR HONOR --

12        **THE COURT:**  I THINK THERE'S STILL TIME FOR THEM TO

13   SALVAGE SOMETHING FROM THIS BY GETTING A LAWYER, BUT -- AND TO

14   DO THEMSELVES A LOT OF GOOD BY GETTING LAWYERS, BUT THEY HAVE

15   TURNED THAT DOWN, EVEN THAT DOWN, AND -- ALL RIGHT.  GO AHEAD,

16   MR. HALL.

17        **MR. HALL:**  YOUR HONOR, I COULDN'T AGREE MORE.  IN

18   FACT, I ARGUED AS MUCH THE SAME IN MANY OF MY COMMENTS TO THE

19   JURY.

20        WHAT I SIMPLY MEANT TO TALK ABOUT WAS THEIR

21   ABILITIES.  IT SEEMED TO ME MR. HEINEMAN IN PARTICULAR SAID --

22   TALKS ABOUT HIS ABILITY TO NOT BE BAFFLED BY ANYTHING THE

23   GOVERNMENT OR THE COURT IS DOING, AND I THINK THAT, AT LEAST BY

24   HIS ACTIONS, HE SHOWS THAT HE DOES NOT HAVE THE ABILITY.

25        **THE COURT:**  ALL RIGHT.  YOUR POINT IS MADE.  OKAY.

1          NOW, I WOULD LIKE TO GIVE YOU BOTH AN EXTENSION OF

2   TIME, IF YOU WANT TO HAVE AN EXTENSION OF TIME, TO FILE A

3   MOTION FOR A NEW TRIAL AND/OR A MOTION FOR ACQUITTAL.  WOULD

4   EITHER OF YOU LIKE THAT EXTENSION OF TIME?

5          **DEFENDANT JOHNSON:**  WELL, SINCE WE WERE LOCKED OUT

6   OF THE LAW LIBRARY FOR THE LAST COUPLE OF DAYS, I THINK AN

7   EXTENSION OF TIME WOULD BE WARRANTED.

8          **THE COURT:**  OKAY.  WE ARE GOING TO GIVE YOU BOTH

9   UNTIL -- SEVEN DAYS IS THE NORM.  SO LET'S -- 14 DAYS FROM THE

10  VERDICT WOULD BE WHAT?

11         **MR. HALL:**  TWENTY-EIGHTH, YOUR HONOR.

12         **THE COURT:**  LET'S GIVE YOU UNTIL DECEMBER 3RD TO

13  FILE WHATEVER YOU ARE GOING TO FILE BY WAY OF A MOTION FOR NEW

14  TRIAL AND/OR MOTION FOR ACQUITTAL.

15         I'M GOING TO ASK THAT THE MARSHALS AND THE BOP MAKE

16  AVAILABLE TO YOU THE SAME FACILITIES THAT THEY'VE HAD.  I KNOW

17  THAT THE GOVERNMENT DOESN'T LIKE THAT, BUT I FEEL THAT THEY --

18  SINCE THEY'RE REPRESENTING THEMSELVES, I'M GOING TO ASK YOU

19  TO -- DON'T ABUSE IT, BUT ALLOW YOU TO HAVE ACCESS TO THE

20  LIBRARY, TO THE COMPUTER AND SO FORTH.

21         CAN YOU ARRANGE FOR THAT, MS. STEWART?

22         **MS. STEWART:**  YES, YOUR HONOR.  MAY I MAKE ONE

23  COMMENT?

24         **THE COURT:**  YOU CAN IN JUST A MINUTE, BUT I WANT

25  THEM TO HAVE AS FAIR AN OPPORTUNITY AS POSSIBLE TO USE THOSE

1  FACILITIES.

2          **DEFENDANT JOHNSON:**  CAN WE HAVE THE GUIDELINES

3  INSTALLED ON A COMPUTER?  I BELIEVE IT'S POSSIBLE.

4          **THE COURT:**  MR. HALL, WOULD YOU -- LET ME ASK.

5  MR. FLORES, WHAT IS THE APPLICABLE GUIDELINE BOOKLET THAT'S

6  GOING TO APPLY IN THIS CASE?

7          **MR. FLORES:**  THAT DEPENDS ON THE LATEST DATE OF THE

8  COUNTS OF CONVICTION.

9          **THE COURT:**  YOU FIGURE OUT WHAT IT IS, AND THEN

10  DELIVER ONE COPY OF THE SENTENCING GUIDELINES MANUAL, WHATEVER

11  IS THE APPLICABLE ONE, TO THE PRISON SO THEY WILL HAVE THAT.

12  PLEASE DO THAT BY DECEMBER 3RD.

13          **MR. FLORES:**  OKAY.  AND JUST FOR THE RECORD, YOUR

14  HONOR --

15          **MR. HALL:**  THAT WOULD PROBABLY BE 2005, YOUR HONOR.

16          **MR. FLORES:**  WHICHEVER GUIDELINES MANUAL, ONE BOOK

17  FOR THE TWO DEFENDANTS, OR TWO BOOKS?

18          **THE COURT:**  CAN YOU SHARE ONE BOOK?

19          **DEFENDANT JOHNSON:**  AS LONG AS THEY KEEP US

20  TOGETHER, WE'RE GOOD WITH ONE BOOK.

21          **MR. FLORES:**  I'LL DELIVER TWO BOOKS, WHICHEVER THE

22  APPLICABLE BOOK IS.  THAT BOOK THE COURT HAS, THE BLUE BOOK, IS

23  EFFECTIVE NOVEMBER 1, 2007.  I HAVE TO COMPARE THAT WITH THE

24  BOOKS -- THE BOOK OR BOOKS THAT WERE IN EFFECT AT THE TIME THE

25  COUNTS OF CONVICTION WERE COMMITTED, AND I HAVE TO COMPARE THE

1   TWO BEFORE I MAKE A DECISION.

2            **THE COURT:**  IF IT TURNS OUT THERE ARE TWO BOOKS FOR

3   TWO DIFFERENT TIME PERIODS, THAT YOU GOT TO DELIVER, DELIVER

4   THEM BOTH.  BUT YOUR JOB IS NOT TO EDUCATE -- YOU KNOW, TO BE

5   THEIR LAWYER, BUT I'M ONLY ASKING YOU TO GIVE THEM WHATEVER

6   BOOKS ARE GOING TO BE RELEVANT TO OUR DETERMINATION.  AND IF IT

7   TURNS OUT THERE ARE TWO DIFFERENT COLORED BOOKS, THAT'S FINE;

8   GIVE THEM TWO SETS OF TWO DIFFERENT COLORED ONES.  IF IT'S ONE

9   BOOK, THAT'S FINE, TOO.

10           **DEFENDANT HEINEMAN:**  WE NEED TO KNOW WHICH ONE IS

11  RELEVANT.

12           **THE COURT:**  HE'S NOT GOING TO TELL YOU THAT.  THAT'S

13  WHAT YOU HAVE TO FIGURE OUT.  I'M NOT GOING TO HAVE HIM BEING

14  YOUR LAWYER.  I TELL YOU, I COULDN'T POSSIBLY FIGURE IT OUT

15  WITHOUT A LOT OF STUDY.  I'M NOT GOING TO ASK MR. FLORES TO

16  FIGURE IT OUT ON THE SPOT.  THAT'S ANOTHER REASON WHY YOU NEED

17  A LAWYER.  A LAWYER COULD FIGURE IT OUT.

18           MR. FLORES, IF THERE ARE TWO BOOKS YOU NEED -- FOR

19  SOME COUNTS YOU NEED BOOK ONE, FOR SOME COUNTS YOU NEED BOOK

20  TWO -- JUST DELIVER THEM BOTH.  I DON'T WANT YOU SENDING

21  LETTERS, GIVING LEGAL ADVICE.

22           **MR. FLORES:**  SURE.  THE PROBATION REPORT WILL

23  INDICATE WHICH BOOK IS APPLICABLE AND FOR WHAT REASONS.

24           **THE COURT:**  I UNDERSTAND IT WILL AT THAT POINT.  AT

25  THAT POINT IT WILL, AND THEN THEY WILL HAVE THE OPPORTUNITY TO

1   UNDERSTAND WHY YOU ARE MAKING THAT JUDGMENT, BUT I'M TALKING

2   ABOUT ON DECEMBER 3RD, YOU DON'T NEED TO BE GIVING LEGAL

3   ADVICE.

4           NOW, I WANT TO COME BACK TO THE ACCESS TO THE

5   COMPUTER OR WHATEVER IT IS THAT YOU HAVE DOWN THERE.  IF YOU

6   TWO ABUSE THAT AGAIN, I'M GOING TO TAKE IT AWAY, AND YOU ARE

7   GOING TO DO EVERYTHING BY HAND.  IF THERE IS ANY MORE UCC

8   FILINGS, UCC DOCUMENTS, 1099S, ORDERS FOR YOUR RELEASE,

9   FORGERIES, ANYTHING LIKE THAT THAT WE KNOW ABOUT -- AND, BY THE

10  WAY, THAT'S ALSO GOING TO BE PART OF THE PRESENTENCE REPORT, I

11  EXPECT -- THEN YOU ARE JUST GOING TO GO TO HANDWRITTEN

12  DOCUMENTS, BECAUSE YOU HAVE NO -- THIS IS PROVIDED TO YOU

13  STRICTLY AND ONLY TO HELP YOU IN YOUR SENTENCING AND THESE

14  POST-TRIAL MOTIONS.  IT IS NOT IN ANY WAY FOR ANYTHING ELSE,

15  NOTHING.

16          **DEFENDANT JOHNSON:**  WE WERE ONLY USING THOSE FOR

17  TRIAL PURPOSES.

18          **THE COURT:**  NO.  THOSE 1099S THAT YOU GENERATED --

19          **DEFENDANT JOHNSON:**  THEY ARE RELEVANT TO THE CASE.

20          **THE COURT:**  THEY ARE NOT RELEVANT TO THE CASE.  THEY

21  ARE RELEVANT FOR SENTENCING TO HELP DEMONSTRATE THAT YOU MAY BE

22  A DANGER TO SOCIETY, BUT THEY ARE NOT RELEVANT.  YOU SHOULD NOT

23  BE GENERATING ANYTHING MORE LIKE THAT.

24          **DEFENDANT JOHNSON:**  VERY GOOD.

25          **THE COURT:**  MS. STEWART, YOU WANTED TO BE HEARD?

1          **MS. STEWART:** YES, YOUR HONOR, JUST WITH REGARD TO

2 THE COMPUTER AND PRINTER. I UNDERSTAND THE COURT'S

3 INSTRUCTIONS.

4          SO I WOULD ADVISE THE DEFENDANTS, AS COMMITTED

5 INDIVIDUALS, YOUR RELATIONSHIP WITH THE BUREAU OF PRISONS IS

6 NOW DIFFERENT THAN IT WAS AS AN UNCOMMITTED INDIVIDUAL. THERE

7 ARE FORMS, YOUR HONOR, THAT WE USE IN THE BUREAU OF PRISONS FOR

8 PRISONERS TO COMMUNICATE ISSUES WITH STAFF REGARDING THEIR

9 CONFINEMENT.

10         THIS, GENTLEMAN -- I'M HOLDING UP A FORM THAT THEY

11 GENERATED ON THE PRINTERS AT THE DETENTION CENTER, YOUR HONOR,

12 WHICH AT THE TOP OF THE PAGE SAYS "COP OUT," THIS IS NOT A

13 BUREAU OF PRISONS FORM, GENTLEMEN.

14         IF YOU WANT TO COMMUNICATE WITH STAFF, YOU GET A

15 BUREAU OF PRISON FORM 148, WHICH IS KNOWN AS A SLANG TERM AS A

16 COP OUT, AND YOU USE THAT FORM.

17         ANY DOCUMENTS THAT SHOW UP AND ARE DELIVERED TO

18 STAFF TYPEWRITTEN THAT SAY "COP OUT" AT THE TOP, I WOULD

19 IMMEDIATELY ADVISE THE COURT AND THE GOVERNMENT THAT THAT IS A

20 USE THAT THE JUDGE JUST EXPLAINED TO YOU IS PROHIBITED, AND THE

21 PRINTERS WILL BE REMOVED FROM THE LAW LIBRARY IMMEDIATELY.

22         **DEFENDANT JOHNSON:** SOUNDS GOOD.

23         **DEFENDANT HEINEMAN:** NO PROBLEM.

24         **THE COURT:** ANYTHING MORE, MS. STEWART?

25         **MS. STEWART:** NO, YOUR HONOR. THANK YOU.

1          **THE COURT:**  ANYTHING MORE THAT THE GOVERNMENT WANTS

2    TO BRING UP?

3          **MR. HALL:**  NO, YOUR HONOR.

4          **THE COURT:**  ALL RIGHT.  THE DATE FOR FILING IS

5    DECEMBER 3RD AT NOON OF ANY MOTION FOR ACQUITTAL UNDER RULE 29,

6    ANY MOTION FOR NEW TRIAL UNDER RULE 33, DECEMBER 3RD AT NOON.

7          MR. MOORE, I'M GOING TO ASK FOR YOUR ASSISTANCE IN

8    MAKING SURE THAT -- BECAUSE IF IT COMES IN LATE, THERE WILL BE

9    A PROBLEM.  SO I WANT YOU TO BE IN TOUCH WITH THE DEFENDANTS,

10   MAKE SURE THAT WHATEVER THEY WANT TO FILE THAT IS IN THAT

11   CATEGORY IS FILED.

12         **DEFENDANT JOHNSON:**  WE'LL TRY TO COORDINATE WITH

13   MR. MOORE, TOO.  WE HAD A LITTLE PROBLEM AT TRIAL WHERE THINGS

14   WERE GETTING LOST IN THE MAIL, BUT WE'LL TRY AND GO MORE DIRECT

15   TO MR. MOORE.

16         **THE COURT:**  OKAY.  WHAT MORE CAN I DO FOR YOU TODAY?

17         **MR. HALL:**  NOTHING, I DON'T THINK, YOUR HONOR.

18   THANK YOU.

19         **THE COURT:**  ALL RIGHT.  THE NEXT TIME THAT I WILL

20   SEE YOU WILL BE AT SENTENCING, UNLESS A MOTION IS MADE FOR A

21   NEW TRIAL OR ACQUITTAL, IN WHICH CASE WE'LL HEAR THAT SOONER.

22   AND I GUESS WE MIGHT AS WELL GO AHEAD AND SET A DATE FOR THE --

23   ANY MOTION WOULD BE BY DECEMBER 3RD, ANY OPPOSITION WOULD BE BY

24   WHAT DATE?  WHAT TIME DO YOU WANT FOR YOUR OPPOSITION?  TWO

25   WEEKS LATER, WOULD THAT BE --

1          **MR. HALL:**  TWO WEEKS WOULD BE FINE, MORE THAN

2  ENOUGH.

3          **THE COURT:**  THAT WOULD BE THE 17TH.  AND THEN WE

4  WILL SET, LET'S SAY, JANUARY 8 FOR HEARING, 2:00 P.M.

5          NOW, IF THEY'RE NOT FILED OR NOT TIMELY FILED, THEN

6  WE DON'T HAVE A HEARING UNTIL SENTENCING.

7          DO YOU HAVE DOWN THERE COPIES OF THE CRIMINAL RULES

8  OF PROCEDURE?

9          **DEFENDANT JOHNSON:**  I BELIEVE WE DO.

10          **THE COURT:**  ALL RIGHT.  THEN YOU SHOULD LOOK AT

11  THOSE, RULE 29 AND RULE 33.  THOSE ARE GOVERNED MOTIONS FOR

12  ACQUITTAL AND MOTIONS FOR NEW TRIAL.

13          **DEFENDANT JOHNSON:**  WE'VE ALREADY SUBMITTED A 29

14  ONCE, SO --

15          **THE COURT:**  I KNOW YOU DID, AND YOU ARE FREE TO

16  SUBMIT A NEW ONE.  MAKE NEW ARGUMENTS.  DO WHAT YOU THINK IS

17  RIGHT FOR YOUR DEFENSE.

18          I THINK WE'RE AT AN END.  UNLESS I HEAR SOME FURTHER

19  BUSINESS, WE'LL BE IN RECESS.

20          **DEFENDANT HEINEMAN:**  AM I TO UNDERSTAND THAT THE

21  OTHER CODEFENDANTS WILL BE THERE AT TRIAL OR AT THE SENTENCING?

22          **THE COURT:**  THAT'S WHAT MY PLAN IS.  I THINK -- YOU

23  DON'T HAVE TO DO IT THIS WAY, BUT I WOULD PREFER TO DECIDE ON A

24  SENTENCE FOR EACH PERSON WITH THE BENEFIT OF KNOWING WHAT

25  SENTENCE THE OTHER PEOPLE ARE GOING TO GET, AND THE ONLY

1  EXCEPTION IS MR. TOBIAS WHO'S ALREADY BEEN SENTENCED, BUT

2  MR. JULIAN AND LECOMPTE ARE STILL UNSENTENCED AT THIS POINT.

3  RIGHT?

4          **MR. HALL:**  YES, YOUR HONOR.

5          **THE COURT:**  SO WE WILL HAVE FOUR -- IT WILL BE A

6  REASONABLY LONG DAY.  WE WILL START AT 8:00 O'CLOCK, AND IT

7  MIGHT TAKE ALL MORNING OR INTO THE AFTERNOON BEFORE WE SORT IT

8  ALL OUT.  OKAY.

9          ALL RIGHT, THANK YOU.

10         **MR. FLORES:**  THANK YOU, JUDGE.

11         **MR. HALL:**  THANK YOU.

12         (PROCEEDINGS ADJOURNED.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                    **<u>CERTIFICATE OF REPORTER</u>**

4          I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE

5    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

6    CERTIFY THAT THE FOREGOING PROCEEDINGS IN CR 05-611 WHA, UNITED

7    STATES V. DALE HEINEMAN, KURT JOHNSON, ET AL., WERE REPORTED BY

8    ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER

9    TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE

10   FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID

11   PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

12          THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID

13   TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE

14   COURT FILE.

15

16          _____

17                JOAN MARIE COLUMBINI, CSR 5435, RPR

18                WEDNESDAY, OCTOBER 29, 2008

19

20

21

22

23

24

25