UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KURT F. JOHNSON,

    Defendant.

No. CR 05-00611 WHA-2

**ORDER RE MOTION FOR COMPASSIONATE RELEASE**

For the reasons that follow, defendant Kurt F. Johnson's *pro se* motion for compassionate release is **DENIED**.

Mr. Johnson claims that he has exhausted administrative remedies, but the government says no, that it cannot locate a record of denial within the Bureau of Prisons (BOP). Regardless, this order would deny the motion either as meritless or for lack of exhaustion. *See* 18 U.S.C. § 3582(c)(1)(A). It is appropriate for disposition on the papers. *See* Crim. L.R. 2-1; Civ. L.R. 7-(b).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of [the BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

In determining whether to modify a term of imprisonment, a district court must consider the factors in Section 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction," "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In March 2008, Johnson was sentenced to 300 months in the BOP after a jury trial. He was found guilty of conspiracy to commit mail fraud and various counts of specific mail fraud, for a plot in which he and his co-defendant defrauded homeowners and banks in an elaborate and long-running scheme. Because he subsequently committed another crime and was convicted, all while in prison, his release date is now December 8, 2043. *See* Find an Inmate, Bureau of Prisons, https://www.bop.gov/inmateloc/ (accessed Oct. 28, 2021).

Mr. Johnson requests immediate release, a 60-month reduction, or conversion to home detention, plus deletion of his fines/restitution. None of Mr. Johnson's claimed "reasons" for relief qualify as "extraordinary and compelling," though the district court may decide for itself what that means. *See United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).

*First*, Mr. Johnson's obesity, hypothyroidism, and elevated cholesterol do not leave him vulnerable enough to COVID-19 to qualify as an extraordinary and compelling reason when balanced against the circumstances of his crime, subsequent crime, and unrelenting hijinks at our trial. In the trial before the Court, Mr. Johnson went to "considerable effort[] to throw as much sand as possible into the works, treating it all as one vast practical joke" (Dkt. No. 566 at 17). This included forging the undersigned's signature on a phony order of release from prison (*ibid.*). Once in prison, he continued his scams. Mr. Johnson was convicted of filing false involuntary bankruptcy petitions against a prison warden and officer. He lost on appeal. *United States v. Johnson*, 980 F.3d 570 (7th Cir. 2020).

*Second*, any purported misapplication of sentencing guidelines was a matter for appeal, not this motion.

*Third*, inability to pay (and his request to delete fines/restitution), fall outside the ken of a motion for compassionate release. Furthermore, this order would decline the request, given the harms to his many victims.

*Fourth*, Mr. Johnson's best point is his role in preventing a violent attack at FCI Terre Haute, but this does not suffice on its own, even if the story could be believed.

Additionally, the Section 3553(a) factors require weighing, relevant here, his education efforts (modest, *see* Dkt. No. 852 at 33–36) and his 'rehabilitative' placement in the Communication Monitoring Unit (CMU).  This order doubts the CMU should be counted as rehabilitative programming, since Mr. Johnson filed bogus bankruptcy petitions with the help of flunkies outside his prison.  The CMU aims to prevent further collaborative schemes (*see id.* at 10, 33–34).  Preventing a violent attack is laudable but cannot outweigh his substantial disciplinary history in the BOP (*see id.* at 27–31, 36–37).  In all, Mr. Johnson is not a reformed individual.  His lack of severe medical conditions, lack of showing that those conditions make him particularly vulnerable to COVID-19, extensive time remaining on his sentence, and the 2019 fraud he perpetrated preclude relief.

The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 4, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE